UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TALIB HUSSAIN, | : | |
| Plaintiff | : | 3:22-cv-1059 |
| v. | : | |
| NAAEM ULLAH KHAN, | : | |
| Defendant | : | AUGUST 22, 2022 |

## COMPLAINT

**INTRODUCTION**

1. This action concerns the breach of a partnership agreement regarding the purchase and sale of real property in Connecticut. The defendant, Naeem Ullah Khan, and the plaintiff, Talib Hussain, entered into a partnership to purchase real estate and reap the benefits of the properties equally. Property was held in the defendant's name fpr tax and regulatory purposes, for the benefit of the partnership as a whole.  But the defendant sold the property for his own benefit, took the money and converted it into property in California for his own, personal benefit.

2. The Plaintiff seeks a constructive trust, compensatory and punitive damages, an accounting, partition, and dissolution of the partnership.

**PARTIES**

3. The plaintiff resides at 6 Yale Street Hartford, Connecticut.  Raving resided there a number of years, he is a citizen of Connecticut.

4. The defendant resides at 22321 Hawthorne Avenue, Moreno Valley, California.  On information and belief, having resided there for more than a year, he is a citizen of California.

1

5. The plaintiff and defendant were born and raised in the Town of Faisalabad, Pakistan.

6. They grew up together as young men and attended University together at Government College in Faisalabad, Pakistan. They are longtime friends.

7. In the year 2000, the defendant came to the United States and moved to California.

8. In the year 2001, the plaintiff moved to the United States and became a resident of Connecticut.

**JURISDICTION AND VENUE**

9. Subject matter jurisdiction rests on 28 U.S.C § 1332(a)(1) as the parties are citizens of different states and the amount in controversy exceeds $75,000.

10. This Court has in personam jurisdiction over the defendant pursuant to 28 U.S.C. § 1391(b) because the contract and partnership at issue were formed in Connecticut and concern Connecticut real property.

**FACTUAL BACKGROUND**

11. In December, 2018, the defendant contacted the plaintiff and informed him that the defendant had just sold real estate with a profit of $1,000,000.

12. At about that time, the defendant furthermore indicated and that he had placed the profit in escrow in order to perform a U.S. "Federal Income Tax Exchange of Real Property Held for Productive Use" in accordance with I.R.C. § 1.1031(k) of the Federal Tax Codes.

13. At about that time, the defendant furthermore indicated that, in order to satisfy I.R.C. § 1.1031(k), the original asset that derived this profit was in his name personally and that he would have to purchase any new real estate in his name personally in Connecticut.

14. At about that time, the defendant informed the plaintiff that he only had a short window of less than forty-five days in which to purchase property using the entire $1,000,000 in order to comply with I.R.C. § 1.1031(k).

15. At about that time, the defendant asked the plaintiff if he was aware of any large rental properties for sale that the Defendant could purchase in Connecticut using the $1,000,000.

16. Shortly thereafter, the plaintiff identified a number of such properties located within the City of Hartford, Connecticut; more particularly 57-59 Madison Avenue, 66-68 Madison Avenue, 71-73 Madison Avenue, 77-79 Madison Avenue, and 313-315 Garden Street ("CT Properties").

17. Before the defendant purchased the CT Properties, the parties entered into a partnership agreement, such that they would be equal partners in the CT Properties and benefit from them equally.

18. More specifically, according to the Partnership Agreement, the defendant would use the aforementioned $1,000,000 profit from the 1031 escrow exchange as part of the purchase price, the partnership would borrow necessary money in the defendant's name, to purchase the CT Properties for the partnership, whereas the plaintiff would operate the properties, collect the rents, and be the local individual managing and maintaining the properties; in addition, the plaintiff would pay the defendant $350,000.  In exchange of these promises, each party had a one-half interest in the partnership.

19. At that time, the parties agreed that to benefit from the requirements of I.R.C. § 1.1031(k), the properties would still be in the defendant's name, although he would

hold them for the benefit of the partnership.

20. In anticipation of purchasing the CT Properties, the parties retained the West Hartford law firm of Cohen, Burns, Hard & Paul to represent the partnership as to the purchase of the properties in the defendant's name.

21. On December 20, 2018, the property at 313-315 Garden Street was purchased for $400,000 in the defendant's name. See Exhibit A.

22. On February 21, 2019, the defendant purchased the properties located at 57-59 Madison Avenue and 66-68 Madison Avenue, 71-73 Madison Avenue, and 77-79 Madison Avenue in the amount of $1,430,000 in the defendant's name. See Exhibit B.

23. In anticipation of purchasing the CT Properties, the defendant opened a checking account with Wells Fargo Bank, and both parties were co-makers and co-signers on the account.

24. Starting immediately after purchasing the CT Properties, the Plaintiff collected the CT Properties' rents on a monthly basis and deposited these rents in the account.

25. Over the course of 2018 through 2021, the plaintiff improved the properties through his management skills, regular maintenance by himself an individuals he contracted, bringing in tenants, and efficiently administering the rents to balance occupancy and profitability.  The plaintiff thereby created value in the property and increased the equity in the property with the raised rents and improvements so that the properties could be sold at a profit.

26. During that time period, when collecting rent, the plaintiff was threatened with physical violence numerous times by the tenants and people at the properties.  On

at least one occasion, the plaintiff was on the properties while there was a shooting on the properties.

27. Starting at the time of the purchase of the properties, the plaintiff was the active member of the partnership here in the State of Connecticut collecting rents, maintaining properties, answering all maintenance calls and tenant complaints twenty-four hours a day, seven days a week.

28. On information and belief, between January, 2019, through December, 2021, the defendant removed from the Wells Fargo account sums of money, paid directly himself, which varied in amounts from $3,000 to $40,000 monthly.

29. The plaintiff did not receive such funds from the partnership account.

30. Shortly after opening the accounts, the defendant utilized, on an ongoing basis, this Wells Fargo account for his own personal gains and purposes, and he removed funds without accounting to the plaintiff for any of the monies received, despite Plaintiff's request for such an accounting.

31. Sometime in 2021, the parties agreed to sell the properties and place the net proceeds into a like-kind exchange 1031 escrow account, and they discussed either distributing the sale proceeds or buying other properties under the existing partnership.

32. On June 16, 2021, the defendant sold the properties at 57-59, 66-68, 71-73, 77-79 Madison Avenue for a sum of $1,850,000. See Exhibit C.

33. On July 21, 2021, the defendant sold the property at 313-315 Garden Street for the sum of $499,000.  See Exhibit D.

34. At the time of the closing, the net proceeds after the sale of all of the Connecticut

5

properties was placed into a Safe Harbor Exchange, Inc. escrow account No. 27193.

35. Said Safe Harbor Exchange, Inc. escrow account was in the sole name of the defendant for the benefit of both parties and the partnership.  The total funds placed into the Safe Harbor Exchange, Inc. on July 21, 2021 was $1,303,041.

36. Shortly after the sale, the plaintiff asked the defendant to disburse his one-half interest in these sale proceeds and the defendant responded by telling the plaintiff that this could not be done due to income tax reasons.

37. On October, 2021, knowingly and for the defendant's own personal benefit and not the benefit of the parties or the partnership, the defendant removed all of the sale proceeds from the escrow account to purchase for his own personal benefit two properties.

38. First, the defendant purchased for his own benefit an Arco Gas Station property located at 390 W. Compton Blvd., Compton, California 90220, on October 15, 2021. See Exhibit E.

39. Second, the Defendant purchased one acre of raw commercial land in Mentone, California, for development as a gas station.

40. In purchasing the Arco Gas Station, the defendant purchased all of the licenses, real estate, and retail business for $2,150,000, paying $1,150,000 cashfrom the Safe Harbor Account and borrowed $1,000,000 towards the purchase price.

41. The remaining balance from the 1031 Safe Harbor Escrow Account was thereafter used to purchase the raw commercial land in Mentone, California.

42. The Arco Gas Station in Compton, California, is an especially valuable asset because the State of California has ended all new permits or permission for new gas

stations to be licensed.

43. On information and belief, the market value of the gas station exceeds $5,000,000.

44. On information and belief, the Gas Station and business in Compton should at this point in time have only a $1,000,000 mortgage encumbrance upon it and $4,000,000 worth of equity.

45. Since the purchase of the CA Properties, the defendant has remained in sole control of the rents, income, profits, and retail sales proceeds received by the Gas Station and land in Mentone, California and fails to account for same to plaintiff.

46. In Spring 2022, in a personal conversation, the defendant has repudiated the partnership between the parties over these two pieces of real estate in the state of California, and the profits received from the sale of the CT Properties.

47. The properties in California were in regard to Legal Title in the name of the defendant but equitable title is being held for the benefit of the plaintiff and defendant equally.

**CLAIMS OF LAW**

**COUNT ONE: BREACH OF CONTRACT**

48. Paragraphs 1–47 are incorporated by reference.

49. As described above, the parties agreed to a 50-50 partnership agreement in exchange of promises and after a meeting of the minds..

50. As described above, in performance of his promise, the plaintiff paid $350,000 towards the purchase price of the real estate properties.

51. As described above, in performance of this promise, the plaintiff identified the CT Properties, and maintained the properties, and managed them and the rents associated with them.

52. As described above, by taking the proceeds of the partnership and investing them in California real estate without paying out the Plaintiff his agreed upon share or giving him half of the profits of the Connecticut real estate, the materially defendant breached the partnership agreement.

## COUNT TWO: ACTION BY PARTNER, GENERAL STATUTES § 34-339

53. Paragraphs 1–52 are incorporated by reference.

54. As described above, the defendant has breached the partnership fiduciary duties of loyalty, duty of care, duty of appropriation of a partnership opportunity in violation of Connecticut General Statutes § 34-338, in unilaterally converting partnership assets to his own benefit.

55. In addition to other relief, the plaintiff seeks an accounting pursuant to General Statutes § 34-339(b).

## COUNT THREE: ACCOUNTING § 52-404(b)

56. Paragraphs 1–55 are incorporated by reference.

57. The plaintiff and the defendant are cotenants, tenants in common, or coparceners in the properties at issue in this case and entitled to recover for the value in excess of the defendant's proportion.

## COUNT THREE: CONSTRUCTIVE OR RESULTING TRUST

58. Paragraphs 1–55 are incorporated by reference.

59. The defendant holds the legal right to the partnership property as a result of the property being registered and purchased in the defendant's name.

60. The Defendant holds the Plaintiff's one-half share of the partnership proceeds and he should not in equity and good conscience retain these assets solely to himself.

61. The defendant obtained these proceeds via abusing the confidence that his long-time childhood friend, the plaintiff, had in the defendant.

62. The defendant has an equitable duty to convey the property to the Plaintiff because he would be unjustly enriched in receiving 100% of the partnership proceeds rather than the 50% that he was entitled to per the contract.

63. As a result a constructive trust exists between the parties and should be imposed by the Court to prevent the Defendant from being unjustly enriched.

64. The plaintiff transferred monies to the defendant to benefit the partnership, the plaintiff and the defendant stood in a confidential relationship with each other, and the defendant would be unjustly enriched if allowed to keep the value of the property.

65. In the alternative, the partnership transferred monies to the defendant to benefit the plaintiff, the partnership and the defendant stood in a confidential relationship with each other, and the defendant would be unjustly enriched if allowed to keep the value of the property.

**COUNT FOUR: PARTITION SALE, GENERAL STATUTES § 52-495**

66. Paragraphs 1-47 are incorporated by reference.

67. The plaintiff had and currently has ownership in real property as a result of his partnership that involved Connecticut real estate the proceeds of which have now been used to purchase more real estate which the plaintiff as a result of the partnership is a fifty-fifty partner in.

68. The properties purchased using the partnership funds created a joint ownership of the properties between the parties.

69. In order to prevent unjust enrichment and the deprivation of the plaintiff, a partition sale must be had in accordance with Connecticut General Statutes § 52-495.

## COUNT FIVE: STATUTORY THEFT

70. Paragraphs 1-47 are incorporated by reference.

71. The aforementioned proceeds of the CT Properties, both their income in rents and sale value, were the property of the partnership, jointly that of the parties.

72. In taking those proceeds for his personal benefit, the defendant stole that money.

73. This conduct was taken with the intent to deprive the partnership and plaintiff of property and it caused the plaintiff harm.

74. In engaging in this course of conduct the defendant wrongfully took property belonging to the partnership and the plaintiff.

## COUNT SIX: BREACH OF FIDUCIARY DUTY

75. Paragraphs 1-55 are incorporated by reference.

76. A fiduciary relationship existed by operation of law pursuant to General Statutes § 34-338.

77. As described above, in self dealing, the defendant advanced his own interests to the detriment of the plaintiff.

78. As described above, the plaintiff suffered harm and money damages that were proximately caused by the breach of the aforementioned fiduciary duty.

## COUNT SEVEN: WINDING UP AND DISSOLUTION OF PARTNERSHIP

79. Paragraphs 1-55 are incorporated by reference.

80. As described above, in light of such self-dealing, the defendant has engaged in conduct relating to the partnership business which makes it not reasonably

practicable to carry on the business with that partner.

81. Accordingly, pursuant to Connecticut General Statues § 34-372(5)(b), the

partnership must be wound up and dissolved.

**PRAYER FOR RELIEF:**

82. NOW COMES the Plaintiff Talib Hussain who seeks the following damages:

    a. compensatory money damages;

    b. punitive damages;

    c. the imposition of a Constructive Trust over the Legal Title to the Arco Gas Station
at 390 W. Compton Blvd., Compton, California 90220 and the one acre
commercial lot in Mentone, California;

    d. accounting of the Partnership income and expenses from January 2019 through
to the Present in accordance with Connecticut General Statutes § 52-404 and §
34-339;

    e. accounting of the Partnership, Partnership bank accounts, assets, and
Partnership income and expenses and the Gas Station revenues, expenses,
rents, and income in accordance with Connecticut General Statutes § 52-404
and § 34-339;

    f. partition sale of all California properties acquired by Defendant using Partnership
funds in accordance with Connecticut General Statutes § 52-495;

    g. winding up of the Partnership business pursuant to with Connecticut General
Statues § 34-372(5)(b); and

    h. treble damages pursuant to Connecticut General Statutes § 52-564.

**TRIAL DEMAND**

83. To the extent proper, the Plaintiff demands a jury trial.

THE PLAINTIFF,
TALIB HUSSAIN

AUGUST 22, 2022                                         BY:

TIMOTHY BRIGNOLE, Esq.
BRIGNOLE BUSH & LEWIS LLC
Federal Juris No.: CT05756
Email: tbrignole@brignole.com
Phone: 860.527.9973
Fax: 860.527.0335

# EXHIBIT A

Exhibit A

Grantee's Mailing Address:
The Palumbo Law Firm, P.C.
PO Box 2518
Waterbury, CT 06723



**VOL 7432 PG 309**
12/28/2018    01:21:35 PM
2 Pages
WARRANTY DEED
John V. Bazzano, Hartford City (
Clerk:RS

Receipt # 13028

Instr # 2018-14517
Local Tax $ 2000
State Tax $3000

# WARRANTY DEED

**315 GARDEN LLC** a Connecticut Limited Liability Company with an office located at 101 W 67th Street, Apt 52F, New York, NY, 10023 ("Grantor") for consideration of FOUR HUNDRED THOUSAND Dollars and No Cents ($400,000.00) grants to **NAEEM KHAN** currently of the City of Hartford, County of Hartford and State of Connecticut ("Grantee"), and **WARRANTY COVENANTS,** a certain piece of property known as: 313-315 Garden Street, Hartford, CT 06062, bounded and described:

A certain piece or parcel of land with the buildings thereon situated in the Town of Hartford, County of Hartford and State of Connecticut and known as 313-315 Garden Street, and being more particularly bounded and described as follows, to wit:

NORTH:    By land now or formerly of Mary Giarrantana, about One hundred Forty-two and Sixty-five One-hundredths (142.65) feet;

SOUTH:    By land now or formerly of Helen B. Donahue, about One Hundred Forty-four and Eighteen One-hundredths (144.18) feet;

EAST:      By Garden Street, Fifty (50) feet; and

WEST:      By land now or formerly of Sara Phillips and by land now or formerly of Esther Cohen, partly by each, in all, Fifty (50) feet.

**To Have and to Hold** the above granted and bargained premises, with the appurtenances thereof, unto its said grantee his heirs, successors and assigns forever, to its and his own proper use and behoof.

**And also,** It, the said grantor does for itself and its heirs, and assigns, covenant with the said grantee his successors and assigns, that and until the ensealing of these presents, is well seized of the premises, as a good indefeasible estate in FEE SIMPLE; and have good right to bargain and sell the same in manner and form as is above written; and that the same is free from all encumbrances whatsoever, except as hereinbefore mentioned.

1



**And Furthermore**, It, the said grantor does by these presents bind itself and its heirs, and assigns forever to WARRANT AND DEFEND the above granted and bargained premises to them the said grantee his successors and assigns, against all claims and demands whatsoever, except as hereinbefore mentioned.

Said premises are conveyed subject to the following:

1. Any and all provisions of any ordinance, municipal regulation, or public or private law.
2. Taxes due the City of Hartford on the List of October 1, 2018, which taxes the Grantee herein assumes and agrees to pay as part consideration for this conveyance.
3. Any easements, restrictions, and agreements, as of record may appear.

WITNESSED BY:                                315 GARDEN LLC

By: **Ruben Zagagi, its Member**

STATE OF NEW YORK     :
                                    : ss.                    December 20, 2018
COUNTY OF New York :

Personally appeared, **Ruben Zagagi, as member of 315 GARDEN LLC**, signer of the foregoing Instrument, and acknowledged the same to be his free act and deed, before me.

Notary of Public

EUCARYS S MARTINEZ
Notary Public - State of New York
NO. 01MA6348755
Qualified in Bronx County
My Commission Expires Oct 3, 2020

12/20/2018

2

# EXHIBIT B

Exhibit B



Receipt # 1367M

**VOL 7450 PG 330**
02/27/2019    11:46:09 AM
2 Pages
QUIT CLAIM DEED
John V. Bazzano, Hartford City
Clerk:EL

*RECORD & RETURN TO:*
**COHEN BURNS HARD & PAUL**
**81 South Main Street, West Hartford, CT 06107**

Instr # 2019-1971
Local Tax $ 7150
State Tax $10725

## QUITCLAIM DEED - STATUTORY FORM

TO·ALL PERSONS TO WHOM THESE PRESENTS SHALL COME, KNOW YE THAT **Hartford Madison Avenue, LLC** a Connecticut limited liability company, acting herein by SRJM Holdings LLC, a New York limited liability company, its sole member, acting herein by Joseph Maharaj, its duly authorized member, having an address and principal place of business of 179 Waccabuc Road, Goldens Bridge, NY 10526, for consideration of TEN & 00/100 DOLLARS (**$10.00**), grants to **Naeem Ullah Khan**, of 22321 Hawthorn Avenue, Moreno Valley, CA 92553,·with QUITCLAIM COVENANTS, all that certain real property known as **57-59 Madison Avenue,   66-68 Madison Avenue, 71-73 Madison Avenue, and 77-79 Madison Avenue, Hartford Connecticut**, being more particularly described on Schedule A attached hereto and made a part hereof:

In all references herein to any parties, persons, entities or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text of the within instrument may require.

**IN WITNESS WHEREOF**, the Grantor has caused these presents to be executed on this 21st day of February 2019.

Hartford Madison Avenue, LLC,
a Connecticut limited liability company
By: SRJM Holdings LLC
its sole member, duly authorized

By: Joseph Maharaj, Member, duly authorized

Signed, sealed and delivered in the presence of or attested by:

Witness: _____
Albert T. Strazza

Witness: _____
Helene D Salerno

STATE OF CONNECTICUT              }
                                 } ss. Greenwich
COUNTY OF FAIRFIELD              }

Personally appeared Joseph Maharaj, the duly authorized member of SRJM Holdings LLC, a New York limited liability company, the sole member of Hartford Madison Avenue, LLC, a Connecticut limited liability company,  known to me to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained in the capacity therein stated, before me, on this 21st day of February, 2019.

_____
Albert T. Strazza
Commissioner of the Superior Court

## E X H I B I T  A  LEGAL DESCRIPTION

PARCEL ONE (57-59 Madison Avenue):

ALL THAT CERTAIN piece or parcel of land, together with all buildings and improvements thereon, situated in the City of Hartford, County of Hartford and State of Connecticut, commonly known 57-59 Madison Avenue, and more particularly bounded and described as follows:

NORTH:    by Kibbe Street, so-called, one hundred (100) feet;
EAST:     by Madison Avenue, so-called, fifty (50) feet;
SOUTH:    by land now or formerly of Martin D. Sarkissian, et al, one hundred (100) feet; and
WEST:     by land now or formerly of Edward L. Ginszanski, et al, fifty (50) feet.

PARCEL TWO (66-68 Madison Avenue):

ALL THAT CERTAIN piece or parcel of land, together with all buildings and improvements thereon, situated in the City of Hartford, County of Hartford and State of Connecticut, commonly known 66-68 Madison Avenue, and more particularly bounded and described as follows: /

NORTHERLY:    by land now or formerly of Thomas J. DeFersia, one hundred (100) feet;
EASTERLY:     by land now or formerly of Gertrude Fink, fifty (50) feet;
SOUTHERLY:    by Kibbe Street, so-called, one hundred (100) feet; and
WESTERLY:     by Madison Avenue, so-called, fifty (50) feet.

PARCEL THREE (71-73 Madison Avenue):

ALL THAT CERTAIN piece or parcel of land, together with all buildings and improvements thereon, situated in the City of Hartford, County of Hartford and State of Connecticut, commonly known 71-73 Madison Avenue, and more particularly bounded and described as follows:

NORTHERLY:    by land now or formerly of Niels P. Hansen, one hundred (100) feet;
EASTERLY:     by Madison Avenue, so-called, fifty (50) feet;
SOUTHERLY:    by land now or formerly of Adolph Cohen, one hundred (100) feet; and
WESTERLY:     by land now or formerly of the Estate of Frederick W. Burgey, fifty (50) feet.

PARCEL FOUR (77-79 Madison Avenue):

ALL THAT CERTAIN piece or parcel of land, together with all buildings and improvements thereon, situated in the City of Hartford, County of Hartford and State of Connecticut, commonly known 77-79 Madison Avenue, and more particularly bounded and described as follows:

COMMENCING at a point on the west line of Madison Avenue, 100 feet north of the intersection of said west line of Madison Avenue, with the north line of Kibbe Street, the line runs thence westerly at right angles to said Madison Avenue, and bounded by land now or formerly of Niels P. Hansen and Frederick W. Burgey, partly on each, in all 150 feet; thence running northerly and bounded by land now or formerly of Everett A. Buckland, 50 feet; running thence easterly along land now or formerly of M. Avitabile, 150 feet to the west line of Madison Avenue; thence running southerly along the west line of Madison Avenue, 50 feet to the place of beginning. The above described land is bounded as follows:

NORTHERLY:    by land now or formerly of Nathan Antarah, one hundred fifty (150) feet;
EASTERLY:     by Madison Avenue, fifty (50) feet;
SOUTHERLY:    by land now or formerly of Neils P. Hansen and Frederick W. Burgey, partly on each, in all, one hundred fifty (150) feet;
WESTERLY:     by land now or formerly of Neils P. Hansen, fifty (50) feet.

# EXHIBIT C

Exhibit C

After Recording Mail to:
Anthony & Reale
Attorneys at Law
90 Huntington Street, Suite 6
P.O Box 2340
Shelton, CT 06484

## WARRANTY DEED

### TO ALL PEOPLE TO WHOM THESE PRESENTS SHALL COME, GREETING:

KNOW YE, THAT, **NAEEM ULLAH KHAN**, of 22321 Hawthorn Avenue, Moreno Valley, California (the "Grantor")

for the consideration of ONE MILLION EIGHT HUNDRED FIFTY THOUSAND AND 00/100 **($1,850,000.00)** DOLLARS

received to its full satisfaction of **DALE HOLDINGS II LLC**, a Connecticut limited liability company, with a principal place of business at 54 Danbury Road #455, Ridgefield, Connecticut (the "Grantee")

does give, grant, bargain, sell and confirm unto the Grantee, its successors and assigns forever

Four (4) certain pieces or parcels of land with the buildings and improvements thereon, situated in the Town of Hartford, County of Hartford and State of Connecticut, known as **57-59 Madison Avenue, 66-68 Madison Avenue, 71-73 Madison Avenue and 77-79 Madison Avenue**, and being more particularly bounded and described on Schedule A, attached hereto and made a part hereof.

TO HAVE AND TO HOLD the above granted and bargained premises, with the appurtenances thereof, unto it the said Grantee, its successors and assigns forever, to it and their own proper use and behoof. And also, the said Grantor does for itself, its successors and assigns, covenant with the said Grantee, its successors and assigns, that at and until the ensealing of the presents, it is well seized of the premises, as a good indefeasible estate in Fee Simple; and have good right to bargain and sell the same in manner and form as is above written and that the same is free from all encumbrances whatsoever, except as herein before mentioned.

AND FURTHERMORE, the said Grantor does by these presents bind myself and my successors and assigns forever to Warrant and Defend the above granted and bargained premises to the said Grantee, and its successors and assigns, against all claims and demands whatsoever, except as hereinbefore mentioned.

Receipt # 159971

Instr # 2021-7911
Local Tax $ 9250
State Tax $231.25

**VOL 7779 PG 178**
06/16/2021 10:07:07 AM
3 Pages
WARRANTY DEED
Noel F. McGregor, Jr, Hartford (
Clerk:KA

**IN WITNESS WHEREOF**, the Grantor, has caused this instrument to be executed this 06/12/21 day of June, 2021.

Signed and delivered in the presence of:

_____

Witness:

**Naeem Ullah Khan**

_____

Witness:

State of California
County of Riverside

The foregoing instrument was acknowledged before me this 12th day of June, 2021 by **Naeem Ullah Khan**.

TAMI K. BROWN
COMM. # 2325259
NOTARY PUBLIC-CALIFORNIA
RIVERSIDE COUNTY
MY COMM. EXP. MAR. 22, 2024

Notary Public
My Commission expires: 03 | 22 | 2024

# SCHEDULE A
## LEGAL DESCRIPTION

PARCEL ONE (57-59 Madison Avenue):

ALL THAT CERTAIN piece or parcel of land, together with all buildings and improvements thereon, situated in the City of Hartford, County of Hartford and State of Connecticut, commonly known 57-59 Madison Avenue, and more particularly bounded and described as follows:

NORTH:    by Kibbe Street, so-called, one hundred (100) feet;
EAST:     by Madison Avenue, so-called, fifty (50) feet;
SOUTH:    by land now or formerly of Martin D. Sarkissian, et al, one hundred (100) feet; and
WEST:     by land now or formerly of Edward L. Ginszanski, et al, fifty (50) feet.

PARCEL TWO (66-68 Madison Avenue):

ALL THAT CERTAIN piece or parcel of land, together with all buildings and improvements thereon, situated in the City of Hartford, County of Hartford and State of Connecticut, commonly known 66-68 Madison Avenue, and more particularly bounded and described as follows:

NORTHERLY:    by land now or formerly of Thomas J. DeFersia, one hundred (100) feet;
EASTERLY:     by land now or formerly of Gertrude Fink, fifty (50) feet;
SOUTHERLY:    by Kibbe Street, so-called, one hundred (100) feet; and
WESTERLY:     by Madison Avenue, so-called, fifty (50) feet.

PARCEL THREE (71-73 Madison Avenue):

ALL THAT CERTAIN piece or parcel of land, together with all buildings and improvements thereon, situated in the City of Hartford, County of Hartford and State of Connecticut, commonly known 71-73 Madison Avenue, and more particularly bounded and described as follows:

NORTHERLY:    by land now or formerly of Niels P. Hansen, one hundred (100) feet;
EASTERLY:     by Madison Avenue, so-called, fifty (50) feet;
SOUTHERLY:    by land now or formerly of Adolph Cohen, one hundred (100) feet; and
WESTERLY:     by land now or formerly of the Estate of Frederick W. Burgey, fifty (50) feet.

PARCEL FOUR (77-79 Madison Avenue):

ALL THAT CERTAIN piece or parcel of land, together with all buildings and improvements thereon, situated in the City of Hartford, County of Hartford and State of Connecticut, commonly known 77-79 Madison Avenue, and more particularly bounded and described as follows:

COMMENCING at a point on the west line of Madison Avenue, 100 feet north of the intersection of said west line of Madison Avenue, with the north line of Kibbe Street, the line runs thence westerly at right angles to said Madison Avenue, and bounded by land now or formerly of Niels P. Hansen and Frederick W. Burgey, partly on each, in all 150 feet; thence running northerly and bounded by land now or formerly of Everett A. Buckland, 50 feet; running thence easterly along land now or formerly of M. Avitabile, 150 feet to the west line of Madison Avenue; thence running southerly along the west line of Madison Avenue, 50 feet to the place of beginning. The above described land is bounded as follows:

NORTHERLY:    by land now or formerly of Nathan Antarah, one hundred fifty (150) feet;
EASTERLY:     by Madison Avenue, fifty (50) feet;
SOUTHERLY:    by land now or formerly of Neils P. Hansen and Frederick W. Burgey, partly on each, in all, one hundred fifty (150) feet;
WESTERLY:     by land now or formerly of Neils P. Hansen, fifty (50) feet.

# EXHIBIT D

Return:
nvestors Paradise
Funding, LLC
1345 Farmington Ave
#1043
West Hartford CT 06107

Exhibit D

Receipt # 163175

VOL 7798 PG 279
07/21/2021 12:00:50 PM
3 Pages
WARRANTY DEED
Noel F. McGregor, Jr, Hartford (
Clerk:BM

Instr # 2021-9928
Local Tax $ 2495
State Tax $3742.5

## STATUTORY WARRANTY DEED

### TO ALL PEOPLE TO WHOM THESE PRESENTS SHALL COME, GREETING:

KNOW, YE, That **NAEEM KHAN,** of Town of Redlands, the State of California (hereinafter referred to as "GRANTOR") for the consideration of **FOUR HUNDRED NINETY NINE THOUSAND DOLLARS AND 100/CENTS ($499,00.00),** and other valuable consideration received to my full satisfaction of **INVESTORS PARADISE FUNDING LLC,** a limited liability company (hereinafter referred as "Grantees") does give, grant, bargain, sell and confirm unto the said **INVESTORS PARADISE FUNDING LLC** to its proper use and behoof, With Warranty Covenants.

That certain real property situated in the City of Hartford, County of Hartford and State of Connecticut, known as **313 GARDEN STREET, HARTFORD, CT,** and being more particularly described on Schedule A attached hereto and made a part hereof.

Said premises are subject to:
1.  Any and all provisions of any municipal ordinance or regulation, any federal, state, or local law, including, but not limited to, the provisions of any zoning, building, planning, or inland wetland rules and regulations governing the subject property.
2.  Taxes to the City of Hartford on the grand list of October 1, 2020.

Being the same premises described in a Warranty Deed from 315 Garden LLC dated 12/20/2018, recorded 12/28/2018 in Volume 7432 at Page 309 of the Hartford Land Records.

**TO HAVE AND TO HOLD** the above granted and bargained premises hereby conveyed, with the appurtenances thereof, unto it the said Grantee and the assigns of it forever, and to its own proper use and behoof. And also, I the said Grantor do for myself, my heirs, executors, administrators, and assigns covenant with the said Grantee, its assigns, that at and until the ensealing of these presents, I am well seized of the premises, as a good indefeasible estate in fee simple; and I have a good right to bargain and sell the same in manner and form as is above written; and that the same is free from all encumbrances whatsoever, except as herein stated.

**AND FURTHERMORE, I** the said Grantor do by these presents bind myself and my heirs and assigns forever to **WARRANT AND DEFEND** the above granted and bargained premises to it the said Grantee and assigns against all claims and demands whatsoever, except as herein stated.

**IN WITNESS WHEREOF**, the Grantor has caused this deed to be executed on this 15 day of July, 2021.

Signed, sealed and delivered
in the Presence of:

Witness: _____

Naeem Khan _____

Witness: _____

STATE OF CALIFORNIA

Ss:

COUNTY OF Riverside

Personally appeared, Barbara Naeem Khan, signer of the foregoing Instrument, and acknowledged the same to be his free act and deed, before me, on this 15th day of July, 2021.

```
TAMI K. BROWN
COMM.# 2325259
NOTARY PUBLIC-CALIFORNIA
RIVERSIDE COUNTY
MY COMM. EXP. MAR. 22, 2024
```

_____

Notary Public
My Commission Expires: 03/22/2024

## SCHEDULE A

ᴵ A certain piece or parcel of land with the buildings thereon located in the Town of Hartford, County of Hartford and State of Connecticut and known as 313-315 Garden Street, and being more particularly bounded and described as follows, to wit:

NORTH:      By land now or formerly of Mary Giarrantana, about One Hundred Forty-Two and Sixty-Five One-hundredths (142.65) feet;

SOUTH:      By land now or formerly of Helen B. Donahue, about One Hundred Forty-four and Eighteen One-hundredths (144.18) feet;

EAST:      By Garden Street, Fifty (50) feet; and

WEST:      By land now or formerly of Sara Phillips and by land now or formerly of Esther Cohen, partly by each, in all Fifty (50) feet.

# EXHIBIT E

**This page is part of your document - DO NOT DISCARD**



# 20211559394



**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**10/15/21 AT 08:00AM**

**Pages:
0003**

| | |
|---|---:|
| FEES: | 25.00 |
| TAXES: | 2,365.00 |
| OTHER: | 0.00 |
| PAID: | 2,390.00 |



**L E A D S H E E T**



**202110151110070**

**00021355400**



**012784906**

**SEQ:
02**

**SECURE  -  8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

E534011



RECORDED AT THE REQUEST OF
CHICAGO TITLE COMPANY

**RECORDING REQUESTED BY:**
Chicago Title

**AND WHEN RECORDED MAIL TO:**

Mr. Naeem Ullah Khan
390 W. Compton Blvd
Compton, CA 90220

THIS SPACE FOR RECORDER'S USE ONLY:

| Title Order No.: 112114663-JT | | Escrow No.: 66781-EK |
|---|---|---|
| AP#: 6160-001-027 & 6160-001-028 | **GRANT DEED** | |

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is $2,365.00**
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area    [X] City of Compton **AND**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**D&D Malik Ventures LLC, a California limited liability company**

hereby GRANT(s) to:

**Naeem Ullah Khan, a Married Man, as his sole and separate property**

the real property in the City of Compton, County of Los Angeles, State of California, described as:
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
**Also Known as:** 390 W Compton Blvd, Compton, CA 90220

Dated August 11, 2021

D&D Malik Ventures LLC, a California limited liability company

By: _____
Muhammad Malik, Managing Member

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF _RIVERSIDE_
On _OCTOBER 6, 2021_ before me, _ANA L. LOCKLIN_, A Notary Public personally appeared _MUHAMMAD MALIK_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____   (Seal)

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS SHOWN ABOVE:  Same as above

ANA L. LOCKLIN
Notary Public - California
Riverside County
Commission # 2342422
My Comm. Expires Feb 14, 2025

## EXHIBIT "A"
Legal Description

**For APN/Parcel ID(s): 6160-001-027 and 6160-001-028**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF COMPTON, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

THOSE PORTIONS OF LOTS 1 AND 2 IN BLOCK 1 OF THE TOWN OF COMPTON, IN THE CITY OF COMPTON, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 11, PAGE 68 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWEST CORNER OF SAID LOT 1; THENCE SOUTH ALONG THE EAST LINE OF OLEANDER STREET, 141.41 FEET; THENCE EAST PARALLEL WITH THE NORTH LINE OF PALM STREET, AS SHOWN ON MAP, 150 FEET; THENCE NORTH PARALLEL WITH OLEANDER STREET TO THE SOUTH LINE OF LEMON STREET (NOW COMPTON BOULEVARD) AS SAID LEMON STREET IS SHOWN ON SAID MAP; THENCE WEST ALONG SAID SOUTH LINE TO THE POINT OF BEGINNING.

EXCEPTING THEREFROM; ALL OIL, OIL RIGHTS, NATURAL GAS RIGHTS, MINERAL RIGHTS, ALL OTHER HYDROCARBON SUBSTANCES BY WHATSOEVER NAME KNOWN, AND ALL WATER, CLAIMS OR RIGHTS TO WATER, TOGETHER WITH APPURTENANT RIGHTS THERETO, WITHOUT, HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF SAID LAND NOR ANY PORTION OF THE SUBSURFACE LYING ABOVE A DEPTH OF 500 FEET, AS EXCEPTED OR RESERVED BY DEED RECORDED OCTOBER 15, 1979 AS INSTRUMENT NO. 79-1150390, OF OFFICIAL RECORDS.

This is a true and certified copy of the record if it bears the seal, imprinted in purple ink, of the Registrar-Recorder/County Clerk

AUG 17 2022

REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA